UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC DARRELL NICHOLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12212** |
| **JEFFERSON PARISH CORRECTIONAL CENTER, ET AL.** | **SECTION: "J"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Eric Darrell Nichols, a state pretrial detainee, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. He sued the Jefferson Parish Correctional Center and Detective Ryan Fanguy. Plaintiff claims that his rights have been violated in connection with a pending state criminal matter.

This Court held a Spears hearing in this case on October 1, 2019. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on the complaint and plaintiff's Spears hearing testimony, the Court finds that he is making the following allegations in this lawsuit: On October 31, 2018, plaintiff was arrested and charged with armed robbery and aggravated battery. Detective Ryan Fanguy was the lead detective on the case. Plaintiff alleges that he was arrested without a proper investigation being performed. He has entered a plea of not guilty to the charges in state court, is currently represented

by counsel in his criminal case, and has attended approximately six hearings in the matter. However, the case has been continued several times, and no trial date has yet been set. Plaintiff claims that he is actually innocent of the charges against him.

## I. Screening Standards

Plaintiff filed this federal civil action *in forma pauperis*.[1] Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ...
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] Rec. Docs. 5 and 6.
[2] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

>    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

## II.  Plaintiff's Claims

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

Broadly construing plaintiff's complaint,[3] and fully considering his Spears hearing testimony, the undersigned finds that plaintiff is asserting claims for false arrest, false imprisonment, and defamation in this federal civil action.

### A. Claims Against the Jefferson Parish Correctional Center

Plaintiff has sued the Jefferson Parish Correctional Center.  However, "[t]he Jefferson Parish Correctional Center is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983."  Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); accord Culbertson v. J.P.S.O., Civ. Action No. 16-15958, 2017 WL 5133209, at *3 (E.D. La. Nov. 6, 2017); Stamps v. Jefferson Parish Correctional Center, Civ. Action No. 12-1767, 2012 WL 3026808, at *2 (E.D. La. July 12, 2012), adopted, 2012 WL 3027945 (E.D. La. July 24, 2012); Castellanos v. Jefferson Parish Correctional Center, Civ. Action No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008).  Therefore, the claims against that defendant should be dismissed with prejudice as frivolous.

### B.  Claims Against Detective Ryan Fanguy

Plaintiff has also sued Detective Ryan Fanguy, the lead detective on plaintiff's state criminal case, for false arrest, false imprisonment, and defamation.  Although Fanguy qualifies as a state actor for the purposes of § 1983, the claims against him should nevertheless be stayed pending resolution of plaintiff's state criminal proceedings.

If plaintiff had already been convicted, this Court would clearly be barred from considering his claims by Heck v. Humphrey, 512 U.S. 477 (1994).[4]  However, plaintiff is currently awaiting

---

[3] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[4] In Heck, the United States Supreme Court stated:

4

trial on his criminal charges, and the United States Supreme Court has held that Heck does not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 549 U.S. 384, 393 (2007) (emphasis in original).

That said, the Supreme Court also made clear that does not mean that federal courts should forge ahead with cases in which a plaintiff's federal civil rights claims concern *pending* state criminal charges. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94 (citations omitted). Therefore, under that reasoning, the claims against Fanguy should be stayed until such time as plaintiff's state criminal proceedings are concluded.

---

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted). Heck bars a false arrest claim brought by a convicted prisoner until such time as he obtains a favorable disposition on all of the underlying criminal charges for which he was arrested. See Wallace v. Kato, 549 U.S. 384, 394 (2007); Queen v. Purser, 109 F. App'x 659, 660 (5th Cir. 2004); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). The same is true with respect to any related false imprisonment and defamation claims. Cormier v. Lafayette City-Parish Consolidated Government, 493 F. App'x 578, 583-84 (5th Cir. 2012).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the Jefferson Parish Correctional Center be **DISMISSED WITH PREJUDICE** as frivolous.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Detective Ryan Fanguy be **STAYED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction over the stayed claims and that the case be restored to the trial docket upon plaintiff's motion once his criminal proceedings are concluded, so that the claims may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___4th___ day of October, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**