UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC DARRELL NICHOLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12212** |
| **JEFFERSON PARISH CORRECTIONAL CENTER, ET AL.** | **SECTION: "J"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Eric Darrell Nichols, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. He sued the Jefferson Parish Correctional Center and Detective Ryan Fanguy. Plaintiff claimed that his rights had been violated in connection with a pending state criminal matter.

The United States District Judge subsequently dismissed plaintiff's claims against the Jefferson Parish Correctional Center, stayed his claims against Fanguy, and closed this federal case until the related state criminal proceedings were concluded. Rec. Doc. 10. Once those state proceedings ended, this federal case was reopened at plaintiff's request. Rec. Doc. 12.

On December 19, 2022, the undersigned United States Magistrate Judge then issued an Order stating:

> A preliminary conference with the Court's Staff Attorney is hereby **SCHEDULED** in this matter for **Tuesday, January 24, 2023, at 9:00 a.m.** Plaintiff and defense counsel shall participate in that conference via **telephone** with the Court initiating the call. The purpose of the conference is to determine whether all parties will consent to proceed to trial before the undersigned United States Magistrate Judge and to select a trial date, if appropriate.
> **IT IS ORDERED** that, on or before **January 13, 2023**, plaintiff, Eric Darrell Nichols, file with the Court written notice of his **telephone number**. The Court will then use that telephone number to connect plaintiff to the preliminary conference, unless he specifically requests that a different telephone number be used.
> **If plaintiff fails to provide a telephone number as ordered or fails to participate in the preliminary conference, the undersigned will recommend that plaintiff's remaining claims be dismissed for failure to prosecute.**

Rec. Doc. 23.

Plaintiff thereafter notified the Court of his telephone number. Rec. Doc. 24. He then subsequently notified the Court that his telephone number had changed and provided his new telephone number. Rec. Doc. 25.

On January 24, 2023, the Court's Staff Attorney made multiple attempts to call plaintiff for the conference. The Staff Attorney called the new number provided in Rec. Doc. 25 at 8:57, 9:02, 9:05, and 9:06 a.m. Out of an abundance of caution, the Staff Attorney also called plaintiff's prior number provided in Rec Doc. 24 at 9:03 a.m. All calls went directly to voice mail. The Staff Attorney left messages explaining that plaintiff was being contacted for the conference. Plaintiff did not thereafter make any attempt to contact the Staff Attorney or any other member of the Court's staff. In light of the foregoing, the preliminary conference could not be held.

Due to plaintiff's failure to abide by the Court's Order to participate in the preliminary conference, it is appropriate to dismiss his remaining claims for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding pro se, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Despite being expressly warned that a

failure to participate in the preliminary conference would result in a recommendation that his remaining claims be dismissed for failure to prosecute, plaintiff did not participate in the conference. Due solely to plaintiff's failures, this Court has been unable to hold a preliminary conference as is necessary to advance his case on the docket. Accordingly, his remaining claims against Detective Ryan Fanguy should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's remaining claims against Detective Ryan Fanguy be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   24th   day of January, 2023.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

3